## Commonwealth ex rel. John Fry *v.* Directors of Upper Swatara Township School District.

## Commonwealth ex rel. Ammon Frome *v.* Same.

*School laws—Residence of pupils—Act of May* 8, 1854.

The taxes levied by a school district are for the education of the children of that district, and are not applicable to the education of the children of another district.

Children who are inmates of the " Children's Industrial Association of Harrisburg, Pa.," the buildings of which institution are situated in Upper Swatara Township, Dauphin county, have no right to admission to the common schools of that township, where their parents are residents of other school districts.

The mere physical presence of such children in the district, considered in connection with the act of May 8, 1854, P. L. 617, requiring school directors to establish a " sufficient number of public schools for the education of every individual between the ages of six and twenty-one years, in their respective districts," does not give them such right.

Argued May 29, 1894.    Appeals, Nos. 13 and 14, May T., 1894, by defendants, from judgments of C. P. Dauphin Co., March T., 1894, Nos. 171 and 172, directing a peremptory mandamus.    Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Mandamus to compel admission to public school.

Respondents filed an answer denying that the petitioners were residents of Upper Swatara School District and averring that petitioner, Ammon Frome, was a resident of Steelton, Pa., and that petitioner, John Fry, was a resident of Harrisburg, their parents being residents of those places. Other facts appear by the opinion of the Supreme Court. The court below awarded a peremptory mandamus, in an opinion by SIMONTON, P. J., on the ground that residence and not domicile controlled, citing Jacobs, Domicile; Frost v. Brisbin, 19 Wend. 11; s. c., 32 Am. Dec. 423, and note; and the practice with regard to state officers' children.

*Error assigned* was above order.

*James I. Chamberlin* and *Louis W. Hall, Francis Jordan* with them, for appellant, cited, Society v. Com., 52 Pa. 130, as to subjection of corporation to the articles of association; School Directors v. James, 2 W. & S. 570, as to residence of children; and Roth v. Marshall, 158 Pa. 272, as to discretion of school directors.

*T. H. Edwards, Milton M. Lemer* with him, for appellees, cited: School Dist. v. Pollard, 55 N. H. 503; Yale v. School Dist., 59 Conn. 489; State v. Thayer, 74 Wis. 48; Ward v. Flood, 48 Cal. 36; Wharton v. Directors, 42 Pa. 358; Directors v. Com., 101 Pa. 490; Com. v. Commissioners, 37 Pa. 277; Easton v. Water Co., 97 Pa. 560.

OPINION BY MR. JUSTICE McCOLLUM, Nov. 12, 1894:

The controlling question in this case is whether the relator has a residence in Upper Swatara township which entitles him to admission to the common schools therein. He is a child, seven years old, and an inmate of the " Children's Industrial Association of Harrisburg, Pa.," a corporation created on the 22d of March, 1877, under the act of April 29, 1874, P. L. 73, Purd. Digest, 12th ed., 405. It is a charitable institution sustained by state appropriations, membership dues, voluntary contributions, and a monthly payment of eight dollars by the directors of the poor of Dauphin county. In their petition for

a charter the incorporators represented that they were "actuated by a desire to improve the moral, social, and intellectual condition of the children of the city of Harrisburg," and they certified that the business of the association was to be transacted in that city. In its charter, as amended on the 25th of March, 1891, the object of the association is stated to be "the care, support, education, and spiritual good of poor and needy children." For a time the association maintained a place in Harrisburg where it cared for and educated the children it received, but later on it erected a large building in Upper Swatara township to which the children then in its care were transferred, and others were admitted. It employed teachers to instruct the children as they are taught in the public schools. The record does not inform us whether all the children in its care were admitted from Harrisburg, but it is probable that many of them were, because, as we have seen, the association was born of a desire to improve the condition of the children of that city.

Do children from other districts who become inmates of this institution acquire thereby the right to free admission to the public schools of Upper Swatara township? The learned judge of the court below concluded that their physical presence in the district, considered in connection with the act of May 8, 1854, requiring school directors to establish a "sufficient number of public schools for the education of every individual between the ages of six and twenty-one years, in their respective districts," gave them such right. He concluded, however, that a reasonable interpretation of the act would limit it to persons of the prescribed age who were residents of the district. In determining whether the relator has a residence in Upper Swatara township which entitles him to common school privileges there, regard must be had to the occasion and purpose of his presence there and to the true intent and meaning of the act referred to. He is there as an inmate of an institution owned and managed by an association chartered for the purpose of supporting, caring for, and educating poor and needy children. Independent of his presence in this institution for the purpose of maintenance and education therein, there is nothing on which to base the claim that he is a resident in the district for whom it is the duty of the directors to provide common school facili-

ties.   In respect to the acquisition of a residence in the district
by his physical presence in it, he is on the footing of the chil-
dren in Girard College and of the children in the schools estab-
lished by the state for the support and education of soldiers'
orphans.   These institutions, like the Children's Industrial As-
sociation of Harrisburg, were created for the maintenance and
education of poor and needy children, who may be admitted
to them from all parts of the state.   But the presence of the
children in these institutions does not, in our opinion, confer
upon them any additional rights or privileges in the common
schools.   When the relator entered the charitable institution
of which he is now an inmate he was not entitled to admission
to the public schools of Upper Swatara township.   He was not
a resident of the district, nor a member of any family in it.   In
view of the purposes for, and the conditions under which he
entered it, his presence there did not impose on the local au-
thorities any duty in reference to his education.   Neither he
nor the institution of which he is an inmate is in any manner
identified with the district.   The latter pays no taxes there for
the support of the schools.   It has undertaken to care for, sup-
port, and educate him from the fund raised in the manner al-
ready stated.   While he is in its care and under its control he
cannot acquire common school privileges distinct from and in-
dependent of those which belonged to him in the place of his
residence when he was taken from it.   If the association is un-
able to perform its charter duties in reference to him, its in-
ability to do so cannot of itself charge the district with his
education and maintenance.   It ought not to receive under its
care more children than it is qualified to support and teach in
conformity with the provisions of its charter, and presumably
it has not done so.   But this is a matter foreign to our present
inquiry, as it does not appear on this record that it is unable
to care for all it has in charge.

In accordance with the views we have expressed we conclude
that the relator's presence in the district, under the circum-
stances shown, has not qualified him for admission to its public
schools.   In reaching this conclusion we do not deny to any
child in the commonwealth his or her rights under our common
school system.   On the contrary we recognize and maintain
those rights without abridgment or qualification.   We realize

that to preserve that system it must be administered in obedience to the laws on which it is founded and by which it is governed. While it establishes schools in which all persons in the commonwealth between the ages of six and twenty-one years may be educated, they must receive the benefits it confers in the districts in which they respectively reside. The residents of one school district are not entitled to free admission to and education in the schools of an adjoining district. The taxes levied by a school district are for the education of the children of that district and are not applicable to the education of the children of another district. There is no warrant in our common school system for the contention that an institution like the Children's Industrial Association of Harrisburg may bring into any district it pleases the poor and needy children of other districts for the purpose of maintenance and education in conformity with its charter and thereby impose on the district to which it has brought them a duty it assumed in its acceptance of them and for the performance of which it is bound by its charter. Such a construction would result in some cases in a denial to the children of the district of the school facilities it was intended they should have therein. It would impose on some districts burdens they could not sustain under the power given them to levy taxes for school purposes. It would tend to defeat the equalization of the burdens and benefits contemplated by our common school system and would otherwise materially impair its efficiency.

The order awarding a peremptory mandamus is reversed and the petition therefor is dismissed.

See also the next case.