Commonwealth ex rel. Warren Parris *v.* Directors of Brookville Borough School District.

*School laws—Residence of pupils—Inmates of charitable institutions—Act of April* 18, 1893—*Class legislation—Constitution.*

Non-residents of a school district do not acquire a residence therein for common school purposes by becoming inmates of a charitable institution for their care, support and education.

The inmates of the Pennsylvania Memorial Home, located in the borough of Brookville and chartered for the purpose of providing comfortable homes and maintenance for the children of deceased and permanently disabled Union soldiers, are not entitled to admission to the common schools of the school district of the borough, where the state has made an adequate appropriation for the education of the inmates in the home itself.

The act of April 18, 1893, P. L. 23, relating to the education of the children of Union soldiers, was intended to secure common school privileges to the children of soldiers who were obliged to seek employment and homes in families outside of the district of their parents' residence, but there is no manifestation of a purpose in the act to include the children of any class for whose education in the charitable institution of which they are inmates the state has made adequate provision.

Not decided whether the act of April 18, 1893, P. L. 23, is class legislation, and therefore unconstitutional.

The misconduct of the managers of the institution is no ground for entitling its inmates to the benefits of the common schools of the district in which the institution is located.

Argued Oct. 3, 1894.   Appeal, No. 121, Oct. T., 1894, by defendants, from order of C. P. Jefferson Co., Dec. T., 1893, No. 187, granting a peremptory mandamus.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Petition for mandamus.

The petition averred: that the relator was the child of a soldier of the late war, said child now being resident in defendant school district, dwelling in the Pennsylvania Memorial Home, a charitable corporation chartered under the act of April 29, 1874; that the relator had demanded admission into the public schools of the district but was denied such admission, although entitled thereto under the act of April 18, 1893, P. L. 23.   Defendants' answer denied relator's right to admission and denied that the act of 1893 applied or was constitutional.   Plaintiff thereupon demurred and issue was joined.

The court awarded the writ in an opinion by CLARK, P. J.

*Error assigned* was above order.

*W. F. Stewart* and *W. P. Jenks*, for appellants.

*Geo. A. Jenks, Chas. Corbett* with him, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, Nov. 12, 1894:

In Commonwealth ex rel. John Fry v. The Board of Directors of the School District of Upper Swatara Township, decided at this term [the preceding case], we held that the inmates of an institution chartered for the care, support and education of poor and needy children, and maintained by state appropriations, voluntary contributions etc., did not, by their presence in it for the purpose of education and maintenance, become entitled to free admission to the schools of the district in which it was located. In other words, we held that the non-residents of the district did not acquire a residence therein for common school purposes by becoming inmates of the institution, for care, support and education. It is not necessary in this case to restate the grounds of that decision, or the reasons given for it. The facts in the two cases are not exactly alike, but it is believed that the principle on which the one referred to was determined is applicable to and governs this. The object of the Children's Industrial Association of Harrisburg was the care, support and education of poor and needy children and there was no residence or class limitation in its charter. The Pennsylvania Memorial Home was chartered for the purpose, inter alia, " of providing comfortable homes and maintenance for the children of deceased and permanently disabled Union soldiers," but its charter was silent as to the education of them. The home was located in the borough of Brookville, and the state made large appropriations for buildings and other equipment required for the performance of its charter work. Since its location there the state has made an adequate appropriation for the education of its inmates. There is now, and was when the petition for the mandamus was filed, a good school established in the home, in which all its inmates who require school privileges are educated at the expense of the state. In thus providing for the education of the inmates of the home the state recognizes and avoids the injustice that would be done to the district in which it is located if they were admitted to its public schools and educated there at its expense and in abridgment of the rights of its own children to education therein.

The learned counsel for the relator apparently concede that the underlying principle of our common school system is that the children of the commonwealth shall exercise and enjoy the

rights it confers in the districts in which they respectively reside, and that the duty of each district is to provide for the education of the children belonging to it. But they contend, first, that the relator has a residence in the Brookville district by virtue of his admission to and presence in the home, and, second, that he is entitled, under the act of April 18, 1893, P. L. 23, to free admission to the public schools of the district because he is a child " of a soldier of the late war of the rebellion." Their first contention is sufficiently answered by our decision in Fry's case. It is claimed that the act on which their second contention is based is class legislation and therefore unconstitutional. The question thus raised need not be decided or considered now, because, in our view of the act, it is not applicable to the case presented by the petition and answer. It provides that the child of a Union soldier who shall be temporarily or otherwise in any school district of the commonwealth shall have the same right to instruction in the proper school of such district as the resident children have, although he may have come into the district for the purpose of attending such school, and the residence of his parents, guardian or other person entitled to the custody of him may be in another district. It was obviously intended to secure common school privileges to the children of soldiers who were obliged to seek employment and homes in families outside of the district of their parents' residence, but we discover no manifestation of a purpose in it to include the children of any class for whose education, in the charitable institution of which they are inmates, the state has made adequate provision.

The learned court below thought that School District v. Pollard, 55 N. H. 503, afforded some support to the relator's contention in this case, but we do not think so. In that case it was decided that the minor children of paupers supported at a county poor farm had the right to attend the public school in the district in which such county farm was located, on the ground that they were inhabitants of the district within the meaning of the statute regulating admission to the public schools. The county farm was taxed for school purposes in that district, and it is manifest, from the opinions of the judges, that if the state or county had specially provided for the education of the children upon it their application for free admis-

sion to the public school would have been denied.    Besides, the decision in Pollard's case was made with reference to the educational system of New Hampshire, and to what extent that conforms to the common school system of Pennsylvania does not appear from the report of it.    It is not therefore an authority for the proposition that non-resident children for whose education the state has otherwise provided are entitled to free admission to the public schools of a district by reason of their presence in a charitable institution located within it.    It is suggested, however, that the children may acquire the right to such admission by the misconduct or neglect of the managers of such institution.    We do not think so.    With the same propriety and reason it might be said the misconduct or neglect of the school directors of one district entitles the children residing in it to free admission to the schools of an adjoining district.

We think, upon due consideration of the facts of this case and the legislation pertinent to it, that it is governed by the principle on which Fry's case was decided.

The order awarding a peremptory mandamus is reversed, and the petition therefor is dismissed at the costs of the relator.