STATE OF NEBRASKA, EX REL. ELI VALE, v. SCHOOL DISTRICT OF CITY OF SUPERIOR ET AL.

FILED JUNE 9, 1898. No. 8127.

1. **Schools and School Districts: NON-RESIDENT PUPILS: TUITION.**
   Non-resident pupils are not entitled, either under the provisions of section 4, subdivision 5, chapter 79, Compiled Statutes, or sec-

tion 3, subdivision 6, of the same chapter, to attend the public school without payment of tuition therefor.

2. **Residence.** One's residence is where he has his established home, and to which, when absent, he intends to return. To effect a change of domicile there must not only be a change of residence, but an intention to permanently abandon the former home. *Berry v. Wilcox*, 44 Neb. 82, and *Wood v. Roeder*, 45 Neb. 311, followed.

3. ————. Where one, who owns a farm which has been his domicile for many years, moves his family and a portion of his furniture to a neighboring city during the fall, temporarily, for the purpose of educating his children, and not with the intention of gaining a new home, and returns to the farm at the end of each school year with his family and furniture, his legal residence remains at the farm.

4. **Evidence: CENSUS: ENUMERATION.** Whether a person has been enumerated in the census taken by a school board, should be established by the production of the proper record disclosing the facts.

5. **Review of Instructions: EXCEPTIONS.** Instructions will not be reviewed where no exceptions were taken to them by the party complaining at the time the charge was given to the jury.

6. ————: **REPETITIONS.** It is not error to refuse a proper instruction requested by a party to a case, the principles of which have been covered by the charge of the court.

ERROR from the district court of Nuckolls county. Tried below before HASTINGS, J. *Affirmed.*

*Cole & Brown* and *R. D. Sutherland,* for plaintiff in error.

*Buck & McConnell* and *Stubbs & Mauck, contra.*

NORVAL, J.

Eli Vale made application to the district court of Nuckolls county for a peremptory writ of mandamus to compel the school board of the school district of the city of Superior to permit the children of relator to attend the public schools of said city without payment of tuition therefor. Issues of fact were joined, upon which a trial to the jury were determined adversely to the relator, and the action dismissed.

Section 4, subdivision 5, chapter 79, Compiled Statutes, relating to the admission by school boards of non-resi-

dent pupils to the public schools, declares that "said board may also admit to the district school non-resident pupils, and may determine the rates of tuition of such pupils and collect the same in advance;" and section 3, subdivision 6, of the same chapter confers upon the district board of any high school district the power "to determine the rates of tuition to be paid by non-resident pupils attending any school in said district." If, therefore, as contended by respondent, relator's children were non-residents of said school district, they were not entitled by law to attend the public schools without payment of tuition, and the writ was properly denied.

It is argued that the verdict is against the evidence. The controversy on the trial in the court below was whether or not plaintiff's children were residents of the respondent school district, and the evidence relating thereto was conflicting. That introduced by the respondents was to the effect that relator owned a farm in Kansas and had resided thereon with his family as a home for many years; that each fall, for two years prior to the bringing of this suit, he moved his family, and a portion of his household goods, to the city of Superior to permit his children to attend the public schools of that city, and at the close of the school year they moved back to their farm in Kansas, where they remained until the beginning of another school year; that while Mrs. Vale and the children were in Superior, relator spent the greater portion of his time on the Kansas farm; that he voted in that state after the removal of his family to Superior, and that the removal to said city was temporary merely, and not for the purpose of making the same the home of relator and his family. The evidence adduced by the relator tended to show that the removal to Superior was for the purpose of making that his permanent home, and that he exercised the rights of franchise by voting at the city election held in Superior in the spring of 1893. This court, in *Berry v. Wilcox*, 44 Neb. 82, defined residence to be the place where one has his es-

tablished home, "the place where he is habitually present and to which when he departs he intends to return. The fact that he may at a future time intend to remove will not necessarily defeat his residence before he actually does remove. It is not necessary that he should have the intention of always remaining, but there must co-exist the fact and the intention of making it his present abiding place, and there must be no intention of presently removing." In *Wood v. Roeder*, 45 Neb. 311, it was decided that the word "residence" is synonymous with the term "domicile," and the domicile of a person is the place where he has a fixed and permanent home, and to which, when absent, he has the intention of returning, and "to effect a change of domicile there must not only be a change of residence, but an intention to permanently abandon the former home. The mere residing at a different place, although evidence of a change, is, however long continued, *per se* insufficient." With the foregoing definitions we are content; and applying them to the case at bar, there is no room to doubt that the evidence before the jury was of such a character as to justify a finding that Mr. Vale was a *bona fide* resident of Kansas, although there is in the record other evidence from which the inference could have been drawn that his permanent residence was in the city of Superior. We are satisfied with and approve the finding of the jury on the question of residence of relator's children. The case, as made by the respondents, is almost identical with that of *Gardener v. Board of Education of the City of Fargo*, 5 Dak. 259.

Relator attempted to show on the trial, by his own testimony, that some one in the employ of the school district, in the spring of 1894, enumerated his children as residents of said district, and the offered testimony, on objection, was excluded. The enumeration of persons of school age residing within the district is to be made annually, and reported to the county superintendent of public instruction. The evidence of relator, therefore, was incompetent to show the enumeration of his chil-

dren for school purposes, since the record was the best evidence to establish the fact so sought to be elicited by the questions propounded to relator.

Complaint is made of the giving of the following portion of the court's charge: "The jury is instructed, under the law of the state, that the place shall be considered and held to be the residence of a person in which his habitation is fixed, without any present intention of removing therefrom, and to which, whenever he is absent, he has an intention of returning. A person shall not be considered and held to have acquired a legal residence in any county in this state into which he shall have come for temporary purposes merely, without the intention of making it his residence." This instruction is in accord with the decisions of this court already mentioned. Moreover, the record fails to disclose that any exception was taken to this portion of the charge at the time the same was read to the jury, so if there was any error in its giving, it is not available. (*Roach v. Hawkinson*, 34 Neb. 658; *Levi v. Fred*, 38 Neb. 564; *Glaze v. Parcel*, 40 Neb. 732; *Bloedel v. Zimmerman*, 41 Neb. 695; *City of Omaha v. McGavock*, 47 Neb. 13; *Gravely v. State*, 45 Neb. 878.)

Exception was properly taken to the following instruction, and it is now assigned as being erroneous: "5. By preponderance of proof is meant such proof as satisfies you that the claim of plaintiff as to the residence of his family is true rather than the reverse, and if you should find that in your opinion, from the evidence given, the probabilities for and against the truth of plaintiff's claim are equally balanced, then you should find for defendant." Under the issues presented by the pleadings in this case the burden was upon the plaintiff, or relator, to prove by a preponderance of the evidence that he was at the time the action was instituted a *bona fide* resident of the school district of Superior. If he failed to so establish his residence, or the evidence upon that question did not preponderate in favor of either party, relator

25

was not entitled to recover. The instruction quoted was a proper exposition of the law on the subject of the burden of proof, and the criticism on the instruction must be overruled.

The court in the seventh instruction charged the jury as follows: "If, however, you find that plaintiff and his family's residence in Superior was only with the object of obtaining temporarily the advantages of schools, and with the intention of returning or going to some other definite place as soon as such purpose should be accomplished, then such purpose of returning or going to some other definite place would, so long as it remained, prevent the acquiring of a residence in Superior." This instruction is criticised. It stated to the jury the proper rule for their guidance. To obtain a legal residence or domicile in Superior at least two things were required of relator, namely, an actual residence there and the intention to make it his place of abode, and the abandonment of his former home in Kansas. This view was submitted to the jury in the foregoing instruction and the other paragraphs of the court's charge, and was applicable to certain phases of the evidence.

As to the instructions tendered by relator which were refused, all that need be said is that so far as they stated correct principles of law they were completely covered by the instructions given by the court on its own motion. It is well settled that it is not reversible error to refuse a proper instruction where the principle sought to be effected by its giving has been clearly and fully covered by the charge of the court. (*Korth v. State*, 46 Neb. 631.) No substantial error appearing from the record, the judgment is

AFFIRMED.