# Confluence Borough School District *v.* Ursina Borough School District, Appellant.

*School code—Schools—School districts—Attendance at an adjoining high school—Liability for tuition.*

Under the provisions of Section 1707 of the Act of May 18, 1911, P. L. 309, (School Code) pupils residing in school districts in which

no public high schools are maintained, may attend during the entire term the high schools in other districts which are nearest or most convenient to their homes.

Under Section 1402 of the School Code when a resident of any school district keeps in his home a child of school age, not his own, supporting the child gratis as if it were his own, such child shall be entitled to all free school privileges accorded to resident school children of the district, and shall be subject to all the requirements placed upon resident school children.

A child who lives with his maternal aunt, who supports him, is a resident of the school district within the provisions of Section 1402, and such school district is liable for his tuition to a high school in an adjoining district.

It is not unreasonable to hold that where the family relation exists and the head of the family, although not the parent of the minor, is willing to support him, that such minor has the right to go to school in the district in which the person who stands *in loco parentis* resides. The child's education, and not the exact apportionment of the cost among various subdivisions of the Commonwealth, is its chief concern.

Argued April 15, 1926. Appeal No. 185, April T., 1926, by defendant, from judgment of C. P. Somerset County, September T., 1925, No. 323, in the case of Confluence Borough School District v. Ursina Borough School District. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover costs of tuition to high school. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $296.17, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Joseph Levy,* for appellant.

*Clarence L. Shaver,* for appellee.

OPINION BY TREXLER, J., July 8, 1926:

Prior to 1915, Paul Nagle and his parents resided in Ursina Borough. When the family removed to Youngwood, Paul remained with Mayme Zimmerman, an aunt, who was a resident of said borough. He entered the public schools of Ursina Borough School District and completed the course of the elementary schools.

The school district not having a high school, Paul procured the consent of the directors of the Confluence Borough School District to attend the high school in said district which was the nearest and most convenient high school to Ursina Borough. He went there for four years and the present suit is brought by the Confluence Borough School District against the Ursina Borough School District to recover the cost of tuition, text books, supplies, etc., growing out of his attendance at the high school. The case was heard before a jury who found in favor of the plaintiff.

The School Code (Act of May 18, 1911, P. L. 309), section 1401 and section 1402 as amended by the Act of 1921, P. L. 1032, and section 1707 reads as follows:

"Section 1401. Every child, being a resident of any school district in this Commonwealth, between the ages of six and twenty-one years, may attend the public schools in his district, subject to the provisions of this act.

"Section 1402. A child shall be considered a resident of the school district in which his parents or the guardian of his person resides. When a resident of any school district keeps in his home a child of school age, not his own, supporting the child gratis as if it were his own, such child shall be entitled to all free school privileges accorded to resident school children of the district, and shall be subject to all the requirements placed upon resident school children of the district."

"Section 1707. Pupils residing in school districts in which no public high schools are maintained may

attend, during the entire term, the high schools in other districts which are nearest or most convenient to their homes."

There was abundant evidence to show that Paul Nagle resided with his aunt who clothed and furnished him with food and assumed the duties of a parent toward him. The court submitted the question to the jury whether Mayme Zimmerman of the Ursina Borough School District kept in her home her nephew, Paul Nagle, a minor child of school age, supporting said child gratis as if he were her own. If they answered this question in the affirmative, they were to find a verdict for the plaintiff, otherwise for the defendant. The jury having found in favor of the plaintiff, that fact is settled. The defendant claims that the court should have entered judgment for it notwithstanding the verdict, upon the basis that taxes levied by school districts for the education of its children, are not applicable to the education of children whose legal residence is in other districts.

The legislature has the undoubted right to prescribe the status of children in respect to their right to attend school. It was held in Commonwealth v. School District, 164 Pa. 603, cited by appellant, that children in an industrial school were not entitled to be educated in the district in which the school was located if their parents did not reside therein. That case was decided under the Act of May 8th, 1854, P. L. 617, and upon the ground that inmates of such an institution were not residents of the district nor members of their families. See also Black v. Graham, 238 Pa. 381. It was a question of legislative intent. The matter resolves itself largely into the meaning of "resident." That subject has been considered very fully in the case of Ben Avon Borough v. Pittsburgh School District, 77 Pa. Superior Ct. 75, by Judge KELLER, and we need not consider it at length here.

In some particular cases, the application of the act may cause hardship, but in the long run, it no doubt averages up. It is not unreasonable to hold that where the family relation exists and the head of the family, although not the parent of the minor, is willing to support him, that such minor has the right to go to school in the district in which the person who stands in loco parentis resides. "The child's education, and not the exact apportionment of its cost among various subdivisions of the Commonwealth is its chief concern." Ben Avon Borough v. Pittsburgh School District, supra.

The judgment is affirmed, costs of this appeal to be paid by the appellant.