(No. 4592.   May 5, 1927.)

GEORGE S. SMITH, Appellant, v. A. A. BINFORD, A. F. STONE, C. D. RUSH, IDA RUBY, CARRIE STEUNENBERG, W. C. POSTLETHWAITE, as and Constituting the Board of Trustees of Independent School District No. 28 of Canyon County Idaho, Respondents.

[256 Pac. 366.]

DOMICILE — LEGAL RESIDENCE OF CHILD — SCHOOLS AND SCHOOL DISTRICTS—CHILD'S RIGHT TO ATTEND—EVIDENCE.

1. Legal residence of a child, in absence of special circumstances or exceptions to contrary, follows that of father, and the minor cannot establish a residence or domicile.

2. Child's right to attend school without payment of tuition required under C. S., secs. 828, 908, 998, 1000, 1001, and sec. 999, as amended by Laws 1921, chap. 224, and Laws 1921, chap. 215, sec. 37, depends on legal residence of parent.

3. Declarations and acts relative to change of residence for purpose of determining child's right to attend school without payment of tuition as required by C. S., secs. 828, 908, 998, 1000, 1001, and sec. 999, as amended by Laws 1921, chap. 224, and Laws 1921, chap. 215, sec. 37, made subsequent to controversy relative thereto if admissible at all, were entitled to little weight as self-serving acts and declarations.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Action for writ of *mandamus.*   Judgment for defendants. *Affirmed.*

Publisher's Note.

1. See 9 R. C. L. 547.

See Domicile, 19 C. J., sec. 25, p. 411, n. 27, 30; sec. 72, p. 435, n. 35; sec. 76, p. 440, n. 80.

Schools and School Districts, 35 Cyc., p. 1119, n. 75.

Stone & Jackson and S. Ben Dunlap, for Appellant.

It is the duty of the state to maintain a free system of public schools. And it is the policy of the law to impose upon the taxpayers of each school district the expense of educating the children of the inhabitants thereof. (Const., art. 9, sec. 1; 24 R. C. L., p. 623, sec. 82; *Yale v. West Middle School Dist.*, 59 Conn. 489, 22 Atl. 295, 13 L. R. A. 161.)

The question of residence or domicile is one of intention. (9 R. C. L., p. 542, sec. 6; 19 C. J. 404, sec. 13.)

When one has changed his place of abode, and the question arises whether he intended to change his domicile, all his acts and conduct which fairly indicate his purpose in that particular, within a reasonable time before and after the event, may be put in evidence, together with the declarations accompanying such acts. (*Viles v. City of Waltham*, 157 Mass. 542, 34 Am. St. 311, 32 N. E. 901; 9 R. C. L., p. 558, sec. 23; 9 R. C. L., p. 556, sec. 21; 19 C. J., p. 428, sec. 60.)

Respondents herein are estopped to deny the right of appellant's children to school privileges. (*Edwards v. State*, 143 Ind. 84, 42 N. E. 525; *Board of Education v. Hobbs*, 8 Okl. 293, 56 Pac. 1052.)

Rice & Bicknell, for Respondents.

Under the statutes only residents of the school district are entitled to the privilege of attending the free school of that district. (C. S., secs. 998–1001, also sec. 828.)

It has been stated that the question of domicile is a mixed question of law and fact, but that the question of residence is question of fact. But it requires a union of fact and intent to establish or change either domicile or residence. (9 R. C. L. 557; *Pickering v. Winch*, 48 Or. 500, 87 Pac. 763, 9 L. R. A., N. S., 1159; *Duxstad v. Duxstad*, 17 Wyo. 411, 129 Am. St. 1138, 100 Pac. 112.)

The residence or domicile of a minor child is that of its father with certain exceptions which do not obtain in

this case. (9 R. C. L. 547, sec. 10; *In re Vance,* 92 Cal. 195, 28 Pac. 229; *Village of Ilo v. Ramey,* 18 Ida. 642, 112 Pac. 126; *Lamar v. Micou,* 112 U. S. 452, 5 Sup. Ct. 221, 28 L. ed. 751; *Sudler v. Sudler,* 121 Md. 46, Ann. Cas. 1913E, 1191, 88 Atl. 26, 49 L. R. A., N. S., 860.)

In order to be entitled to the privilege of the free schools a residence in the district must be *bona fide* and not merely for the purpose of obtaining school privileges. (*State v. Thayer,* 74 Wis. 48, 41 N. W. 1014; *Gardner v. Board of Education,* 5 Dak. 259, 38 N. W. 433; *State v. School District,* 55 Neb. 317, 75 N. W. 855; *Commonwealth v. School Directors,* 164 Pa. 603, 30 Atl. 507, 26 L. R. A. 581.)

Where the question of residence or domicile is the issue, oral declarations made by the party as to the intent with which removal was accomplished when part of the *res gestae* are admissible in evidence. Such declarations must have been made at a time when the party had no interest to make evidence and before any controversy. Declarations made for the purpose of creating evidence as to domicile should be rejected. (19 C. J. 428; *Ayer v. Weeks,* 65 N. H. 248, 23 Am. St. 37, 18 Atl. 1108, 6 L. R. A. 716; *Viles v. City of Waltham,* 157 Mass. 542, 34 Am. St. 311, 32 N. E. 901; *Pickering v. City of Cambridge,* 144 Mass. 244, 10 N. E. 827; *Fulham v. Howe,* 62 Vt. 386, 20 Atl. 101; *Wright v. Boston,* 126 Mass. 161.)

TAYLOR, J.—Plaintiff brought this action in *mandamus* to compel admission of his two children to the schools of the defendant district without payment by him of tuition demanded by the district. The appeal is from a judgment for defendants.

Appellant cites as error the exclusion of certain evidence, the alleged failure to consider certain other evidence, and the insufficiency of the evidence to support the findings. Appellant succinctly states the issue thus: "The one question at issue in this case is appellant's place of residence."

No point is made of the regularity of or authority for the action of the board in fixing and requiring tuition from

nonresident pupils, the only contention being that the plaintiff and his children were *bona fide* residents of the district, and the children thus entitled to attend the schools without payment of tuition.

The provisions of C. S., secs. 828, 998, 999 (as amended, Sess. Laws 1921, chap. 224, p. 513), 1000 and 1001, with relation to tuition, and Sess. Laws 1921, chap. 215, sec. 37, p. 443, providing for a school census, with C. S., sec. 908, and other sections providing for apportionment of school funds between various school districts, contemplate that tuition shall be paid for a nonresident pupil, thus negativing any inference that mere change of the physical presence of a pupil from living in one district to living in another, without lawful change of residence, can avoid those provisions for payment of tuition. Various of the sections cited make provision for a transfer of school funds under certain circumstances from the district wherein the pupil resides to the district wherein he attends school, with provision for determining the necessity of a pupil attending school outside of "his own district."

C. S., sec. 828, makes provision that a pupil "living in one district" may attend school in another. C. S., sec. 892, prior to 1921, provided that the clerk, in enumerating the children of school age in his district, should "not enumerate any except *bona fide* residents thereof," but by Sess. Laws 1921, chap. 215, sec. 37, p. 443, he is not to "enumerate any except the children of *bona fide* residents thereof."

[1, 2] The legal residence of a child, in the absence of special circumstances or exceptions to the contrary not obtaining here, follows that of the father, and the minor cannot establish a residence or domicile. (*Village of Ilo v. Ramey*, 18 Ida. 642, 112 Pac. 126; *Sudler v. Sudler*, 121 Md. 46, Ann. Cas. 1913E, 1191, 88 Atl. 26, 49 L. R. A., N. S., 860; *Lamar v. Micou*, 112 U. S. 452, 5 Sup. Ct. 221, 28 L. ed. 751. Thus, it must be found that the intention of the enactments upon the subject makes the question of

right of attendance and payment of tuition depend upon the legal residence of the parent.

Appellant complains that the court excluded evidence of certain declarations made by him of his intention to change his residence and of having made such change, and disregarded other evidence of declarations and acts admitted in evidence. Only one such declaration was made before a controversy arose over the payment of tuition. Proof of several declarations and acts after the controversy arose was offered and rejected. Others were admitted.

After some evidence was rejected it was stipulated that if the court in later argument should conclude that such evidence was material, the court might consider the rejected offers as evidence. Thereafter, other similar evidence was offered and objected to upon similar grounds, the court each time admitting it "under the stipulation." The court made findings involving both evidence so rejected and admitted, and it is apparent from the record that the court considered all the evidence offered as in the record.

[3] Considering that most of the declarations and acts, evidence of which was sought to be given weight to support a change of residence, were subsequent to the beginning of the controversy, they were, if admissible at all, entitled to little if any weight as self-serving acts and declarations.

There was no pleading or evidence sufficient to establish estoppel.

The evidence is ample to sustain the finding of the trial court that the plaintiff "is not and has never been an actual or *bona fide* citizen or resident . . . . within the territory embraced in said Independent School District No. 28," and that the plaintiff "has not at any time abandoned his residence and domicile which he had maintained on his said ranch, and did not move to the city of Caldwell, Idaho, for the purpose of establishing a permanent residence or domicile in said city." (*Gardner v. Board of Education,* 5 Dak. 259, 38 N. W. 433; *State v. School District,* 55 Neb. 317, 75 N. W. 855; *State v. Thayer,* 74 Wis. 48, 41 N. W.

1014; *Commonwealth v. School Directors,* 164 Pa. 603, 30 Atl. 507, 26 L. R. A. 581.)

The judgment is affirmed.   Costs to respondents.

Wm. E. Lee, C. J., and T. Bailey Lee, J., concur.

Givens, J., concurs in the conclusion reached.