STATE OF NEBRASKA EX REL. HELEN FRASIER, APPELLANT, v. PHILLIP A. WHALEY ET AL., APPELLEES.

234 N. W. 2d 909

Filed November 13, 1975. No. 39958.

Curtis & Curtis, for appellant.

Murphy, Pederson & Piccolo and LeRoy Anderson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal from an order of the District Court for Chase County denying the application of Helen Frasier, relator and mother of Tammy Maddux, age 15, for a peremptory writ of mandamus to compel the respondents, the superintendent and members of the school board of the Chase County high school district, to admit

Tammy as a student at Chase County high school without payment of nonresident tuition as required by section 79-445, R. S. Supp., 1972. We affirm the order of the District Court.

The underlying issue is whether Tammy Maddux is a resident of the Chase County high school district. Residence, for the purposes of section 79-445, R. S. Supp., 1972, has long been interpreted by this court to mean domicile or legal residence, i.e., one's established home and the place to which one intends to return when absent therefrom. State ex rel. Vale v. School District of City of Superior, 55 Neb. 317, 75 N. W. 855; State ex rel. Rittenhouse v. Newman, 189 Neb. 657, 204 N. W. 2d 372.

The evidence before the District Court consisted principally of a stipulation of facts and the testimony of the relator. There is little conflict in the evidence. We summarize such of the evidence as we believe material. Helen Maddux and Thomas Maddux, the mother and father of Tammy, were divorced on March 31, 1972, and custody of Tammy was awarded to Helen with reasonable rights of visitation granted to Thomas. The decree was later amended to make specific the times and places of visitation. Visitation periods included a 10-day vacation period with the father and provided for a pro rata reduction in child support during the 10-day period. At the time of the divorce Helen, Thomas, and their children were domiciled and actual residents of Chase County and of the Chase County high school district, and had been residents of the district for many years. Tammy had always attended schools in the district. This included attendance by her at Chase County high school. After the divorce and until her later remarriage Helen and the children for a period of time lived in a residence in the town of Imperial, Chase County. Previously they had lived on the ranch of Helen and Thomas. The decree of divorce divided between Helen and Thomas the real estate and other property of the parties. The real estate is located in the Chase County high school district.

This property included the town residence previously mentioned.

On May 27, 1973, Helen was married to Merle Frasier. Almost immediately thereafter she moved with Tammy and another daughter to the farm home of Merle Frasier in Dundy County. Shortly before that she sold the Imperial residence.

Helen owns 480 acres of farmland in the Chase County high school district. Thomas Maddux owns approximately 4,000 acres in the district. The ranch upon which Helen and her present husband reside is partly in Dundy County and partly in Chase County high school district. However, as already noted, the residence thereon is located in Dundy County.

After the move to Dundy County, Tammy continued to attend Chase County high school. In 1974 the respondents, acting on behalf of the Chase County high school district, notified the Frasiers that nonresident tuition would have to be paid on behalf of Tammy if she were to be allowed to continue as a student. Helen paid tuition for 1 year "under protest." At one point in an attempt to avoid confrontation on the tuition issue, Tammy attended, at the beginning of the school year for a short time, Benkelman high school in Dundy County. However, Thomas Maddux protested and Tammy returned to Chase County high school. Thomas, who continues as a resident of the Chase County high school district, has continued to pay child support for Tammy as required by the decree of divorce.

When Helen took the stand as a witness on her own behalf, inquiry was made of her as to her intention with reference to her legal residence when she moved from Chase County to the ranch home of her new husband in Dundy County. Her answer was: "I changed my abode to my husband's farm, but I had no intentions of changing my legal residence from this [Chase] county, because I do all of my trading here—." She then went on to give reasons for her intention, namely, her children

go to school there, she trades in the district, her family lives there, and she intended to vote there.

The trial court found: "The Court finds that the relator has established a domicile outside of the Chase County School District. . . . The Court further finds that the primary custody of the minor child involved has been granted by the District Court of Chase County, Nebraska, to the Relator herein. In the absence of additional facts, the domicile of the minor follows that of the parent having been awarded custody."

As is indicated by State ex rel. Vale v. School District of City of Superior, *supra*; State ex rel. Rittenhouse v. Newman, *supra*; and many intervening cases as shown by the reports of this court, the problem here presented, or problems very similar, are recurring ones over a long period of time and the Legislature has never, no doubt for very good reasons, seen fit to change the applicable rules.

In State ex rel. Rittenhouse v. Newman, *supra,* we said: "It is fundamental that mandamus is a law action and that conflicts in evidence or findings of fact based thereon will not be disturbed on appeal unless clearly wrong." It is evident the trial court found the actions of relator in selling her residence in Imperial and moving with her children to the home of her new husband in Dundy County indicated more accurately her intention with reference to establishing her permanent home than did the intention to which she testified at trial and which apparently had previously been unexpressed. On the record before us, we cannot say that the trial court's determination of the relator's intention was clearly wrong.

It is the rule at common law that the domicile of a minor is the same as the domicile of the parent with whom he lives. Restatement, Conflict of Laws 2d, § 22, p. 88. Normally the domicile of the father is determinative. 25 Am. Jur. 2d, Domicil, § 63, p. 45; State ex rel. Vale v. School District of City of Superior, *supra*;

Hanson v. Hanson, 150 Neb. 337, 34 N. W. 2d 388. Where parents of the child are separated by a decree of divorce, the domicile normally follows that of the parent who has custody by virtue of the decree of divorce. Restatement, Conflict of Laws 2d, § 22, Comment d, p. 89; 25 Am. Jur. 2d, Domicil, § 66, p. 48; State ex.rel. Brito v. Warrick, 176 Neb. 211, 125 N. W. 2d 545; Hanson v. Hanson, *supra*; 13 A. L. R. 2d 313.

In re Guardianship of Peterson, 119 Neb. 511, 229 N. W. 885, upon which the relator relies in part, is not applicable. The principal point decided in the case was that when the mother to whom custody had been awarded died, the domicile of the child then became that of the father where he had not for some reason forfeited his natural right to custody. Other authorities cited by the relator have been examined and found inapplicable.

AFFIRMED.