STATE OF NEBRASKA, COMMISSIONER OF LABOR FOR THE DEPARTMENT OF LABOR, APPELLANT, v. CITY OF OMAHA, NEBRASKA, A CITY OF THE METROPOLITAN CLASS, ET AL., APPELLEES.

268 N. W. 2d 438

Filed July 26, 1978. No. 41606.

Thomas R. Pansing, Jr., of Gaines, Otis, Mullen & Carta, for appellant.

Kent N. Whinnery, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is an action by the Commissioner of Labor for the Department of Labor on behalf of James L. Bookwalter. The Commissioner seeks a writ of mandamus ordering the City of Omaha to comply with an order of the Department to grant Bookwalter all his rights under section 55-161, R. R. S. 1943. This involved reemploying him, restoring all seniority rights, and allowing him backpay from the time he returned from military service. The trial court denied the writ because Bookwalter had not taken a leave of absence but had resigned to enter military service. We affirm.

The Commissioner charges the city violated section 55-161, R. R. S. 1943, which provides in pertinent part: "All officers and employees * * * of the state, or of any of its agencies or political subdivisions, who leave a position other than temporary to undergo military training with the armed forces of the United States * * * shall be entitled to a leave of absence from such civil employment for the period of such training or service, not to exceed four years * * * without loss of status or efficiency rating, and without loss of pay during the first fifteen work days of such leave of absence. * * * The proper appointing authority may make a temporary appointment to fill any vacancy created by such leave of absence. When such person is separated from such training or service under honorable conditions * * * such employee shall be entitled to return to his former position with such seniority, status, pay, and vacation as he would have had if he had not been absent for such purpose, if he is still qualified to perform the duties of his former position, and if he makes application within thirty days after he is released from such training or service. * * * It shall be the duty of the Commissioner of Labor to enforce the provisions of this section."

Section 55-161.01, R. R. S. 1943, authorizes the Commissioner to investigate complaints and to issue

orders directing the offending party to grant the complainant all his rights under the statute, including the granting of backpay from the date the violation occurred. If the order is not complied with within 10 days, the Commissioner may file suit in the District Court for a writ of mandamus.

The following facts were stipulated at trial: The complainant, James L. Bookwalter, was employed by the City of Omaha from October 16, 1969, to May 11, 1972, in the capacity of an automotive equipment operator one (AEO I). Bookwalter enlisted in the United States Air Force and remained on active duty from May 11, 1972, to October 7, 1974, at which time he was honorably discharged. Bookwalter applied for reemployment with the city on August 20, 1974. The city refused to restore Bookwalter to his former position upon the terms provided by section 55-161, R. R. S. 1943, whereupon Bookwalter filed a complaint with the Commissioner of Labor. On November 14, 1974, the city offered to reemploy Bookwalter in an AEO I position with the police towing unit, but he declined this offer. Bookwalter also failed to apear for an interview on December 13, 1974, for an AEO I position in the weed control division. The Commissioner issued an order pursuant to section 55-161.01, R. R. S. 1943, on December 24, 1974, which the city failed to comply with. Bookwalter attended the University of Nebraska at Omaha as a full-time student from January 20, 1975, until his graduation on May 15, 1976. He was at all times qualified to perform the duties of his former position with the city.

Bookwalter testified he attended college while working for the city and had 50 percent of his tuition paid for by the city. His reason for enlisting in the United States Air Force was to obtain GI benefits to further defray his education costs. He testified he always intended to work for the city of Omaha after completion of his tour of duty. The Air Force re-

cruiters informed him that the law guaranteed he would be reemployed by the city.

Bookwalter went to the personnel department approximately 2 weeks prior to leaving his job. He there visited with personnel department representatives about the alternatives if he left his job. He was told that if he took a leave of absence he would receive $300, but if he resigned he would receive $900, which would be his retirement benefits as well as his vacation pay. He was given the alternative of taking a leave of absence or resigning. He was told that the only way he could get the $900 was to resign.

Bookwalter opted to resign in order to receive the additional $600 from the retirement fund. He executed a handwritten note which read as follows: "Do (sic) to the fact of being called into *Military Service,* I am turning in my resignation effective 11/May/1972." (Emphasis in original.)

On cross-examination Bookwalter was asked: "The City of Omaha did discuss you could either take a leave of absence, or resignation, correct? A. Yes, they did." His explanation was that he needed the $900 and he thought that the law covered it.

The only question on appeal is whether Bookwalter waived his statutory right to reemployment.

"A waiver is a voluntary and intentional relinquishment of a known right and may be established by acts and conduct from which an intention to waive may reasonably be inferred." Pester v. American Family Mut. Ins. Co., 186 Neb. 793, 186 N. W. 2d 711 (1971).

Bookwalter admitted he was advised by the city that he could either take a leave of absence or resign. He was also informed the money in his retirement account would only be paid to him if he tendered his resignation. It strains credulity to believe that Bookwalter, after the explanation by the city, did not comprehend the distinction between taking

a leave of absence, which the city offered to him, or resigning.

"Mandamus is an action at law. In such an action findings of fact by the trial court upon conflicting evidence will not be disturbed on appeal unless clearly wrong." State ex rel. Frasier v. Whaley, 194 Neb. 703, 234 N. W. 2d 909 (1975).

On this record we cannot find that the trial court was in error in finding Bookwalter waived his right to reemployment. The judgment of the District Court is affirmed.

AFFIRMED.