Village of Hartington v. Luge.

VILLAGE OF HARTINGTON, APPELLEE, V. LUGE ET AL., APPELLANTS.

[FILED JANUARY 4, 1892.]

1. Municipal Corporations: ANNEXING TERRITORY. In an action to annex certain territory to a village it must appear from the facts stated in the petition that some portion of the territory sought to be annexed will be benefited from the annexation, or that justice and equity require its annexation, and the particular facts showing such benefits, or the justice and equity of the relief sought, must be alleged.

2. ———: ———. As ordinarily the territory of a municipal corporation is subdivided into lots and blocks, and the residents therein do not depend on the cultivation of the soil for a livelihood, it is not the policy of the law to annex large tracts of agricultural lands to a village or city unless, under the circumstances, such lands should be subdivided and sold as village or city lots.

APPEAL from the district court for Cedar county. Heard below before NORRIS, J.

*J. M. Cleland, H. A. Miller, W. C. Miller,* and *Hugh Roberts* (*Davis, Gantt & Keatley,* of counsel), for appellants.

*Wilbur F. Bryant, contra.*

MAXWELL, J.

The plaintiff filed a petition against defendants as follows:

"The plaintiff for cause of action alleges:

"1st. That it is a corporation existing under the laws of the state of Nebraska and lying and being in section 36, township 31 north, of range 1 east, in said county, and desires to annex to its corporate limits the contiguous territory hereinafter described, and that for the purpose of such annexation of such territory the trustees of said corporation, plaintiff herein, did, on the 14th day of January, A. D. 1887, at a special meeting of said trustees held in said village of Hartington, vote upon the question of such annexation of such contiguous territory, and a resolution to annex such territory, to-wit, the west half of said section 36 and the west half of the east half of said section 36, T. 31 N., R. 1 E., not now included within the corporate limits of the said village of Hartington, was adopted by a two-thirds vote of all the members elect of such board of trustees.

"2d. The said plaintiff further shows and represents unto your honor that the defendants, Henry Luge, M. E. Luge, E. L. Dimick, H. A. Moore, T. L. Curris, Albert Street, George F. Scoville, Mrs. Letta Thomas, T. G. Thomas, August Lubeley, the Chicago, St. Paul, Minneapolis Omaha Railway Company, and the Northern Nebraska Land Improvement Company are the only owners of said territory, and the only owners of said territory. That an accurate map of the same, showing the subdivisions of said territory, together with its relative positions of such

said village of Hartington, is hereto attached, marked exhibit 'A,' and prayed to be taken as a part of this petition.

"3d. The plaintiff further says that for the purpose of protection from fire, preserving health, order, cleanliness, of said village, and for the purpose of helping to raise the revenue or taxes to help defray the expenses of said village, would in justice and equity require the annexation of said territory to said village.

"4th. The plaintiff further shows unto your honor that other material benefit and advantages, besides those mentioned in preceding paragraph three, will be derived from such annexation by reason of said territory lying across and obstructing the approach and egress of the public and the citizens of said village to and from the said village of Hartington to the public highways adjacent to said territory, therefore, for the purpose of acquiring such benefit and equity, the board of trustees of said village of Hartington, L. H. Monroe, P. A. Van Dorn, G. McGregor, D. C. Clark, did, on Friday, January 14, 1887, at a special meeting, by a two-thirds vote, adopt the resolution for such annexation which is in words and figures following, to-wit: 'Special meeting of the board of trustees of the village of Hartington, held at their office in the village of Hartington on Friday, January 14, 1887, after due notice of the same, and the purpose being first given to each member of the board at the proper time and place aforesaid, the board of trustees of the village of Hartington met in special session as aforesaid, the following members of the board being present: L. H. Monroe, chairman; P. A. Van Dorn, G. McGregor, D. C. Clark, and the clerk thereof, Chas. Plumbleigh. The object and purpose of said meeting was called for the annexation of contiguous territory of the corporate limits of the village of Hartington. After discussion of the object of the call the following preamble and resolution was adopted:

43

" ' Whereas, owing to the limited amount of territory now included in the incorporation of the village of Hartington it is adopted by the board of trustees of said village that justice and equity demand the extension of said incorporation; therefore, *be it resolved*, by the board of trustees of the village of Hartington in special session that the following territory be annexed to the present incorporation of said village described as follows, to-wit: All of that portion of land or territory lying and being in the west half of the east half of section 36, township 31 north, of range 1 east, and now not included in the present corporate limits of said village of Hartington.'

"Said D. C. Clark moved the adoption of the said resolution, which motion was seconded by said G. McGregor, whereupon the roll was called and voted as follows: Ayes, L. H. Monroe, P. A. Van Dorn, G. McGregor, D. C. Clark, being the unanimous vote of all the members of the board in favor of the adoption of said resolution. Charles Plumbleigh, clerk of the board.

"The plaintiff further states that part of said territory has been subdivided into lots, blocks, streets, and alleys and platted by the defendant, Northern Nebraska Land & Improvement Company; that a part has been subdivided into small portions and sold to the owners, other defendants. Wherefore plaintiff prays for the annexation of such aforesaid territory, and a copy of the decree of said court duly certified under the seal thereof, together with a plat of the territory, with a proper description thereof, so be decreed to be annexed, showing the same subdivided as shown by the plat hereto annexed, marked exhibit 'A,' shall be filed and recorded in the office of the county clerk, of said county, in the proper records of said county clerk's office, and plaintiff's costs."

The answer of the defendants consists of certain specific denials and an allegation of want of benefit to the defendants. On the trial of the cause the court made the following findings:

"This cause coming on to be heard upon the petition, answer of the defendants, the Northern Nebraska Land & Improvement Company and August Lubely, was submitted to the court, in consideration whereof the court finds that the village board of plaintiff has heretofore adopted a resolution to annex the territory described in the petition by a two-thirds vote of all the members of said board; and the court further finds that such of said territory as is hereinafter described, will receive material benefits by its annexation to said village of Hartington, and that justice and equity therefore require the annexation of that portion of said territory hereinafter described, to-wit: All of the west half of section 36, township 31, range 1 east, excepting the south half of the southwest quarter of said section 36, township 31, range 1 east; also all that portion of the west half of the east half of said section 31, township 31, range 1 east, lying west of the east boundary line of the present corporate limits of plaintiff, and the prolongation of said line, excepting the southwest quarter of said section 36, township 31, range 1 east, all in Cedar county, Nebraska."

The court thereupon rendered judgment accordingly.

The statute provides: "When any city or village shall desire to annex to its corporate limits any contiguous territory, whether such territory be in fact subdivided into tracts or parcels of ten acres or less, or be not so subdivided, the council or board of trustees of said corporation shall vote upon the question of such annexation, and if a resolution to annex such territory, describing the same in general terms, be adopted by two-thirds vote of all the members elect of such council or board of trustees, said resolution, and the vote thereon, shall be spread upon the records of said council or board. Said city or village may thereupon present to the district court of the county in which such such territory lies, a petition praying for the annexation of such territory, together with an accurate plat or map of

the same, showing the subdivisions of said territory, if it be so subdivided, and its relative position to such city or village; and such petition shall set forth the resolution of said council or board of trustees for annexation of the same, and the vote thereon, and also the names of the various owners of said territory, if there be more than one such owner, and shall also set forth the material benefits and advantages to be derived from such annexation. A notice of the filing of said petition shall be served upon the owner or owners of said adjacent territory in the same manner as a summons in a civil action. * * * Issues shall be joined and the cause tried in the same manner, as nearly as may be, as provided for trial of causes under the Code of Civil Procedure, except that no judgment for costs shall be rendered against any defendant who does not make any defense. If the court find the allegations of the petition to be true, and that such territory, or any part thereof, would receive material benefit by its annexation to such corporation, or that justice and equity require such annexation of said territory, or any part thereof, a decree shall be entered accordingly, and a copy of the decree of said court duly certified under the seal thereof, together with a plat of the territory, with a proper description thereof so decreed to be annexed; and in case the same is already subdivided, showing the same to be subdivided into blocks and lots to correspond as near as may be with the fact, and as near as may be with the lots, blocks, and streets of the adjacent city or village, and corresponding as near as may be to the provisions of said act, under the title of 'City and village plats,' shall be filed and recorded in the office of the county clerk or recorder of the county in which such territory lies; and from the time of filing such decree and plat the territory therein described shall be included in and become a part of such city or village, and the inhabitants thereof shall receive the benefits of and be subject to the ordinances and regulations

of such city or village; *Provided*, That appeals may be taken from the proceedings aforesaid in the district court, as in other civil cases; but notice of appeal must be given immediately on the entering of the decree in said district court, and the filing of the said decree and plat in the county clerk's office shall be stayed to abide the event of such appeal, and in case such appeal be not perfected, said corporation may file said decree and plat as hereinbefore provided for, without being prejudiced by lapse of time. On the filing of such decree and plat the council or board of trustees shall pass an ordinance declaring such territory to be annexed to such city or village, and extending the corporate limits thereof accordingly, and file a certified copy of the same in the clerk's office."

It will be seen that to justify the annexation of territory it must appear that such territory, or some part, would receive material benefit from the annexation, or that justice and equity require such annexation. Unless one of these conditions exist, there is no authority in a village board or the district court to annex territory. The facts stated in the petition do not bring the case within the provisions of the statute. It does not appear that the property sought to be annexed would be benefited in any manner whatever, nor that justice and equity require such annexation. The principal benefit would be to the village by adding to the taxable property therein, but this of itself is not sufficient. If this action could be sustained upon the facts pleaded and prayed, then a village might annex a whole township or county, as such annexation could be placed upon the same grounds as it is sought to predicate this action upon. This cannot be permitted. In this connection it is unnecessary to decide just what facts will justify the annexation of territory to a village. Each case must depend to some extent upon its own circumstances, but in all cases there must be a statement of facts showing either a benefit to the territory annexed or that in justice it should be a part of the village.

It is not the policy of the law to bring large tracts of agricultural lands within a municipal corporation. In fact, there is an inconsistency in doing so. The territory of a municipal corporation is ordinarily subdivided into lots and blocks, and the residents thereon are not supposed to obtain a livelihood by the cultivation of the soil. Where it is necessary, therefore, to extend the village limits to obtain more lots or land that should be divided into lots, an action of this kind may be sustained, but it cannot be sustained unless the statutory grounds exist. It follows that the judgment of the district court as to all the lands not subdivided into lots must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.