COMMONWEALTH REAL ESTATE COMPANY, APPELLEE, V. CITY OF SOUTH OMAHA, APPELLANT.

FILED FEBRUARY 8, 1907. No. 14,498.

1. Municipal Corporations: INCORPORATION. Towns and villages are incorporated in this state under the provisions of a general statute, by resolution of the board of county commissioners, whose acts in that respect are ministerial.

2. ———: ———: POWERS OF COUNTY BOARDS. County boards have not been vested with authority to include large rural districts, not urban in character and having no unity of interest with the platted portion in the maintenance of municipal government, within the corporate limits of cities and villages.

3. ———: ———: REVIEW BY COURTS. Where the county board, in the incorporation of a village, has exceeded its powers and included within the corporate limits of the village agricultural land, not urban in character and having no unity of interest with the platted portion in the maintenance of municipal government, the courts will, in a proper action, assume jurisdiction over the subject matter at the instance of the aggrieved parties and grant such relief as the circumstances may require.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Lambert & Winters,* for appellant.

*E. M. Morsman, Jr., contra.*

JACKSON, C.

The plaintiff had judgment in effect disconnecting a tract of 39.7 acres of agricultural land from the city of South Omaha. The city appeals.

The action seems to have been treated as one in the nature of a *quo warranto.* No bill of exceptions was preserved, and the question presented by the appeal is whether the district court had jurisdiction over the subject matter. The appellant's case is thus broadly stated: The power to create municipal corporations and to enlarge or restrict their boundaries are solely matters of legislative enactment, with which the courts have no power to interfere. The rule thus stated finds support in City of *Hastings v. Hansen,* 44 Neb. 704; but, in view of the subsequent holdings of this court and the limitations imposed upon the legislature by our constitution, we have made a further investigation with a view of harmonizing what appears to be a conflict in conclusions reached in this class of cases. By section 15, art. III of the constitution, it is provided: "The legislature shall not pass local or special laws in any of the following cases, that is to say, * * * incorporating cities, towns, and villages, or changing or amending the charter of any town, city, or village." It will thus be seen that cities and villages in this state must be incorporated, if at all, under the provisions of some general law, and that any attempt on the part of the legislature by special act to incorporate any city or village or define the boundaries thereof would be void as within the inhibition of this constitutional provision. The statutory provision with reference to the incorporation of towns and villages is found in section 40, art. I, ch. 14,

27

Comp. St. 1905, and is as follows: "That whenever a majority of the taxable inhabitants of any town or village, not heretofore incorporated under any law of this state, shall present a petition to the county board of the county in which said petitioners reside, praying that they may be incorporated as a village, designating the name they wish to assume, and the metes and bounds of the proposed village; and if such county board or a majority of the members thereof shall be satisfied that a majority of the taxable inhabitants of the proposed village have signed such petition, and that inhabitants to the number of two hundred or more are actual residents of the territory described in the petition, the said board shall declare the said proposed village incorporated." The authority thus delegated to county boards is ministerial, and may be exercised only in strict accord with the letter of the statute, and where the proper petition is presented, complying with the jurisdictional provisions, the county board has no discretion, and a failure on their part to act would justify the interference of the courts by mandamus to compel the performance of this statutory duty. The only statutory provisions conferring jurisdiction on the courts to disconnect territory from the corporate limits of cities and villages are those of section 101, art. I, ch. 14, Comp. St. 1905. Under that section the court is authorized to act whenever a majority of the legal voters residing in any territory within and adjacent to the corporate limits of any city or village, or the owner or owners of any unoccupied territory so situated, shall desire to have the same disconnected therefrom, and shall file their petition in the district court for the county in which said city or village is situated, praying that such territory shall be disconnected therefrom. The provisions of this section, however, do not apply to cities of the class to which the defendant belongs.

With these statutory and constitutional provisions before us, we will proceed to analyze the various decisions

of this court, in so far as it is important to do so in the determination of the question involved.   In *City of Hastings v. Hansen, supra,* it is said that, in the absence of express statutory authority, the courts of this state possess no jurisdiction to disconnect, by decree, any part of the territory of a municipal corporation at the suit of the owner of such territory. It is, however, expressly stated in the opinion that what the boundaries of a municipal corporation are, where they are, and, consequently, whether a particular piece of territory lies within or without the corporate limits of the municipality, are all matters for judicial determination.   Construing the provisions of section 40, art. I, ch. 14, *supra,* it was held, in *State v. Dimond,* 44 Neb. 154, that the word villages, as there used, applies to villages in the ordinary and popular sense of the term, and that it was not intended to clothe large rural districts with extended municipal powers or subject them to special taxation for purposes to which they are in nowise adapted; that lands adjacent to the town or village might be incorporated therewith, provided they were in such close proximity thereto as to be suburban in character and have some unity of interest with the platted portion in the maintenance of municipal government, but that the statute did not contemplate the incorporation of remote territory, having no natural connection with the village and not adapted to municipal purposes.   Other cases holding substantially the same are *Village of Hartington v. Luge,* 33 Neb. 623; *State v. Mote,* 48 Neb. 683; *Village of Osmond v. Smathers,* 62 Neb. 509; *State v. Clark,* 75 Neb. 620.

The principle underlying these decisions is that county boards have not, by the legislature, been invested with power to include in incorporated cities or villages property not urban in character.   It follows that when a county board exceeds its powers in that respect its acts in excess of its authority are voidable, and it is the duty of the courts, upon complaint of the person aggrieved, in the absence of grounds constituting an estoppel, to restore the

parties to their rights, and it was held in *State v. Dimond, supra,* that the courts are vested with power to inquire into the procedure leading to the incorporation of cities and villages, independently of the provisions of section 101, *supra,* and that the owner of the land illegally inclosed within the corporate limits of a city or village might proceed by *quo warranto* to test the right of a municipality to exercise jurisdiction over his property. In *Village of Osmond v. Smathers, supra,* it was held that section 101, *supra,* is not a limitation on the right to institute proceedings to have territory taken out of the corporate limits of a city or village, and that such jurisdiction might be exercised independently of the statute. The doctrine is reaffirmed in *Gregory v. Village of Franklin,* 77 Neb. 62. It may be conceded that, where a county board in the incorporation of a town or village acts within the scope of its delegated power, the courts would be powerless to interfere, and the rule announced in *City of Hastings* v. *Hansen, supra,* is to that extent correct, and not in conflict with the conclusion here reached.

The city of South Omaha was incorporated as a village in 1886. During the progress of its growth to a city of more than 25,000 inhabitants, charters for the government of cities of the class to which it belongs have been the subject of frequent legislative consideration, and on each such occasion it was provided that the boundaries should remain as heretofore. This, it is contended, amounts to a legislative enactment defining the boundaries of the city, with which the courts could not interfere. The purpose, however, of the several enactments, all of which were general in nature, was to provide a plan of city government. The matter of the boundaries of the cities affected by the legislation was never the subject of legislative inquiry, nor could the legislature, under the limitations imposed by the constitution, pass any special act defining the boundaries of the city of South Omaha.

The action of the legislature was not such as to preclude inquiry by the courts. No question of the form of action

is involved, and, as the allegations of the petition are ample to support the finding, we recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.