ROBERT L. KRIZ ET AL., APPELLANTS, V. REX KLINGENSMITH ET AL., APPELLEES.

125 N. W. 2d 674

Filed January 3, 1964. No. 35503.

Carl E. Willard, for appellants.

John A. Wagoner and Richard L. DeBacker, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

On or about September 19, 1961, a petition for the incorporation of the Village of Parkview was presented to the county board of Hall County, Nebraska. On October 19, 1961, the county board adopted a resolution which, in effect, declared the village incorporated and designated the metes and bounds of the village.

On December 4, 1962, this action was brought to enjoin the levy or collection of any tax for the use of the

village; to enjoin the officers and trustees of the village from exercising any governmental functions; and for a declaratory judgment determining that section 17-201, R. R. S. 1943, is unconstitutional and that the village does not legally exist. The plaintiffs are residents and owners of property within the village. The defendants are the village; its officers and trustees; and the board of supervisors, the board of equalization, and the county treasurer of Hall County.

Motions for summary judgment were filed by the plaintiffs and by the village and its trustees. The trial court found that no issue of fact was presented, that section 17-201, R. R. S. 1943, was constitutional, and sustained the motion for summary judgment filed by the village and its trustees. The plaintiffs' motion for new trial was overruled and they have appealed.

The sole issue which is presented to this court is the constitutionality of section 17-201, R. R. S. 1943, which provides in part as follows: "Whenever a majority of the taxable inhabitants of any town or village, not incorporated under any laws of this state, shall present a petition to the county board of the county in which said petitioners reside, praying that they may be incorporated as a village, designating the name they wish to assume, and the metes and bounds of the proposed village, and such county board or majority of the members thereof shall be satisfied that a majority of the taxable inhabitants of the proposed village have signed such petition, and that inhabitants to the number of one hundred or more are actual residents of the territory described in the petition, the board shall declare the proposed village incorporated, and enter the order of incorporation upon its records, and designate the metes and bounds thereof. Thereafter the said village shall be governed by the provisions of law applicable to the government of villages."

The statute appears to have had its origin in Laws of Nebraska, 1856. See Laws 1856, c. IV, § 1, p. 40. The pro-

cedure prescribed in section 17-201, R. R. S. 1943, is substantially that which has been prescribed and followed during the history of this state for the incorporation of villages.

The plaintiffs contend that section 17-201, R. R. S. 1943, is unconstitutional because it permits private individuals to fix the boundaries of the village without affording property owners the opportunity to be heard by a competent tribunal as to whether their property has been arbitrarily or unjustly included within the village and, therefore, is an unlawful delegation of legislative power and a taking of property without due process of law. The plaintiffs rely upon Anderson v. Carlson, 171 Neb. 741, 107 N. W. 2d 535, 83 A. L. R. 2d 831; Summerville v. North Platte Valley Weather Control Dist., 170 Neb. 46, 101 N. W. 2d 748; and Elliott v. Wille, on rehearing, 112 Neb. 86, 200 N. W. 347.

The Anderson, Summerville, and Elliott cases each involved a statute providing for the formation of a district upon a petition which fixed the boundaries of the district. Section 17-201, R. R. S. 1943, provides that the petition shall designate the metes and bounds of the proposed village, but it further provides that the county board shall designate the metes and bounds of the village. The provision which requires the county board to designate the boundaries of the village distinguishes section 17-201, R. R. S. 1943, from the statutes considered in the Anderson, Summerville, and Elliott cases. This distinction has been recognized in the decisions of this court.

In McClay v. City of Lincoln, 32 Neb. 412, 49 N. W. 282, this court said: "Where municipalities are obliged to be organized under general statutes, no expression of the legislature as to the exact boundaries incorporated can be made. The boundaries must be set by ancther method, and by a local government provided by statute. Unless constitutionally restrained, the legislature of a state may delegate this power to commis-

sioners, supervisors, or trustees; but it has been questioned how far this power, essentially political and administrative, may be conferred upon judicial courts. We think that the courts ought not to borrow a power not plainly conferred, and not necessary to the just administration of the laws."

In Commonwealth Real Estate Co. v. City of South Omaha, 78 Neb. 368, 110 N. W. 1007, in referring to the statute as it then existed (§ 40, art. I, ch. 14, Comp. St. 1905), this court said: "The authority thus delegated to county boards is ministerial, and may be exercised only in strict accord with the letter of the statute, and where the proper petition is presented, complying with the jurisdictional provisions, the county board has no discretion, and a failure on their part to act would justify the interference of the courts by mandamus to compel the performance of this statutory duty. * * * Construing the provisions of section 40, art. I, ch. 14, supra, it was held, in State v. Dimond, 44 Neb. 154, that the word villages, as there used, applies to villages in the ordinary and popular sense of the term, and that it was not intended to clothe large rural districts with extended municipal powers or subject them to special taxation for purposes to which they are in nowise adapted; that lands adjacent to the town or village might be incorporated therewith, provided they were in such close proximity thereto as to be suburban in character and have some unity of interest with the platted portion in the maintenance of municipal government, but that the statute did not contemplate the incorporation of remote territory, having no natural connection with the village and not adapted to municipal purposes. Other cases holding substantially the same are Village of Hartington v. Luge, 33 Neb. 623; State v. Mote, 48 Neb. 683; Village of Osmond v. Smathers, 62 Neb. 509; State v. Clark, 75 Neb. 620.

"The principle underlying these decisions is that county boards have not, by the legislature, been invested with

power to include in incorporated cities or villages property not urban in character. It follows that when a county board exceeds its powers in that respect its acts in excess of its authority are voidable, and it is the duty of the courts, upon complaint of the person aggrieved, in the absence of grounds constituting an estoppel, to restore the parties to their rights, and it was held in State v. Dimond, supra, that the courts are vested with power to inquire into the procedure leading to the incorporation of cities and villages, independently of the provisions of section 101, supra, and that the owner of the land illegally inclosed within the corporate limits of a city or village might proceed by quo warranto to test the right of a municipality to exercise jurisdiction over his property. * * * It may be conceded that, where a county board in the incorporation of a town or village acts within the scope of its delegated power, the courts would be powerless to interfere, and the rule announced in City of Hastings v. Hansen, supra, is to that extent correct, and not in conflict with the conclusion here reached."

In Elliott v. Wille, *supra,* the court noted that "the boundaries of a city or village are not fixed and determined by private individuals, and, moreover, provisions are made for the exclusion of lands that are wrongfully included within a city or village."

There is a further important distinction between section 17-201, R. R. S. 1943, and the statutes considered in the Anderson, Summerville, and Elliott cases. Section 17-201, R. R. S. 1943, contemplates an existing but unorganized village. The purpose of the statute is to provide a method whereby the taxable inhabitants of the village can organize and establish a government for the village.

In Elliott v. Wille, *supra,* mention is made of the necessity for determining whether the particular district is for the public health, convenience, or welfare. Such questions are not involved in the incorporation of

-villages. In effect, the Legislature has determined such questions in advance by providing that villages shall be incorporated when the conditions set out in section 17-201, R. R. S. 1943, have been met. Thus, the action of the county board is ministerial in nature as held in Commonwealth Real Estate Co. v. City of South Omaha, *supra.*

So far as the requirements of notice and hearing are concerned, we think that the situation is analogous to the creation of a paving district upon the petition of 60 percent of the resident owners whose property directly abuts upon the street which is to be improved, as provided in section 17-510, R. R. S. 1943. In Elliott v. City of Auburn, 172 Neb. 1, 108 N. W. 2d 328, this court held that a property owner has no constitutional right to a notice and hearing upon the formation of such a district. In that case we said: "As stated in Nebraska Mid-State Reclamation Dist. v. Hall County, 152 Neb. 410, 41 N. W. 2d 397: 'In Utley v. St. Petersburg, 292 U. S. 106, 54 S. Ct. 593, 78 L. Ed. 1155, it was said: "There is no constitutional privilege to be heard in opposition at the launching of a project which may end in an assessment. It is enough that a hearing is permitted before the imposition of the assessment as a charge upon the land * * * or in proceedings for collection afterwards." '

"In Hoopes v. City of Omaha, 99 Neb. 460, 156 N. W. 1047, the court, quoting from Londoner v. City and County of Denver, 210 U. S. 373, 28 S. Ct. 708, 52 L. Ed. 1103, said: ' "In the exercise of this authority the city council, in the ordinance directing the improvement to be made, adjudged, in effect, that a proper petition had been filed. (In the instant case the city council so adjudged as a question of fact.) * * * The only question for this court is whether the charter provision authorizing such a finding, without notice to the landowners, denies to them due process of law. We think it does not. The proceedings, from the beginning up to and including the

passage of the ordinance authorizing the work did not include any assessment, or necessitate any assessment, although they laid the foundation for an assessment, which might or might not subsequently be made. Clearly all this might validly be done without hearing to the landowners, provided a hearing upon the assessment itself is afforded." ' "

A landowner who is aggrieved may litigate the question of whether the county board had the right to include a particular tract of land within the boundaries of the incorporated village. State ex rel. Hammond v. Dimond, 44 Neb. 154, 62 N. W. 498; State ex rel. Loy v. Mote, 48 Neb. 683, 67 N. W. 810; State ex rel. Pond v. Clark, 75 Neb. 620, 106 N. W. 971; Commonwealth Real Estate Co. v. City of South Omaha, *supra*. See, also, State ex rel. Schoonover v. Crabill, 136 Neb. 819, 287 N. W. 669. To that extent, a property owner has a right to be heard before a competent tribunal as to whether his property has been arbitrarily or unjustly included within an incorporated village.

We conclude that section 17-201, R. R. S. 1943, *is* constitutional. The judgment of the district court is correct and it is affirmed.

AFFIRMED.