In re Petition for Formation of the Village of Valentine Motel.
Roger M. Little, for himself and on behalf of all other petitioners, appellants, v. Board of County Commissioners of Cherry County, Nebraska, et al., appellees.

140 N. W. 2d 1

Filed January 28, 1966. No. 36067.

John C. Coupland, Lane, Baird, Pedersen & Haggart, and Theodore M. Tedesco, for appellants.

Richard L. Spittler, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

Appellants have perfected an appeal from an order of the district court for Cherry County sustaining ap-

pellees' motion to dismiss and dismissing appellants' petition in error for review of an order of the board of county commissioners denying a petition for incorporation of the unincorporated village described as Village of Valentine Motel.

Appellants attempted to incorporate the area as a village under the provisions of section 17-201, R. R. S. 1943. A 1961 amendment to said section, which became effective after the filing of appellants' petition, does not affect this case. Section 17-201, R. R. S. 1943, provides, insofar as material to the formation of the village, as follows: "Whenever a majority of the taxable inhabitants of any town or village, not incorporated under any laws of this state, shall present a petition to the county board of the county in which said petitioners reside, praying that they may be incorporated as a village, designating the name they wish to assume, and the metes and bounds of the proposed village, and such county board or majority of the members thereof shall be satisfied that a majority of the taxable inhabitants of the proposed village have signed such petition, and that inhabitants to the number of one hundred or more are actual residents of the territory described in the petition, the board shall declare the proposed village incorporated, and enter the order of incorporation upon its records, and designate the metes and bounds thereof. Thereafter the said village shall be governed by the provisions of law applicable to the government of villages. The county board shall, at the time of the incorporation of said village, appoint five persons, having the qualifications provided in section 17-203, as trustees, * * *."

Appellants filed their petition with the board of county commissioners of Cherry County, hereinafter referred to as board, on December 30, 1961. On January 9, 1962, the board held a public hearing on the petition, and after the hearing denied the request without giving reasons for its denial. Appellants filed their petition in error in the district court to review the action of the board. It

was this petition to which appellees' motion to dismiss was sustained.

The only issue raised by the motion to dismiss is whether the determination made by the board was judicial or ministerial in nature. The district court determined the action to be purely a ministerial function. If it is judicial in nature, there is no question it is reviewable in the district court on a petition in error. § 25-1901, R. R. S. 1943. On the other hand, if such action is merely ministerial, then, as will be hereinafter indicated, a petition in error is not a proper remedy.

Appellants argue that section 17-201, R. R. S. 1943, requires the board to hear and weigh evidence and determine whether the statutory requirements are met. They argue this requires the board to make the following determinations: (1) The territory is unincorporated and is a true village and not merely a rural area; (2) inhabitants to the number of 100 or more are actual residents of the village; and (3) a majority of the taxable inhabitants have signed the petition to form the village. If the board finds these three statutory requirements exist, then the board declares the proposed village incorporated, enters the order of incorporation upon its records, designates the metes and bounds of the village, and appoints five persons as trustees. These actions, appellants urge, are quasi-judicial as that term has been applied by our decisions.

The difficulty with appellants' position is that we have two Nebraska cases which state in effect that the duty imposed on the county board by section 17-201, R. R. S. 1943, is mandatory, and the action of the board is ministerial in nature. The pertinent part of the statute, for our purposes substantially in its present form, was discussed in a 1907 case, Commonwealth Real Estate Co. v. City of South Omaha, 78 Neb. 368, 110 N. W. 1007. In that case, referring to the authority granted to the board, this court said: "The authority thus delegated to county boards is ministerial, * * *."

In Kriz v. Klingensmith, 176 Neb. 205, 125 N. W. 2d 674, we quoted as follows from Commonwealth Real Estate Co. v. City of South Omaha, *supra*: " 'The authority thus delegated to county boards is ministerial, and may be exercised only in strict accord with the letter of the statute, and where the proper petition is presented, complying with the jurisdictional provisions, the county board has no discretion, and a failure on their part to act would justify the interference of the courts by mandamus to compel the performance of this statutory duty. * * *.' " Mandamus is not available if there is an adequate remedy at law. § 25-2157, R. R. S. 1943.

Appellants seek to distinguish these cases. They suggest that the holding in the Commonwealth case, which involved an action in the nature of quo warranto to disconnect certain agricultural lands included in the city limits, is dicta. They then point out that the Kriz case did not involve the issue herein but involved rather the constitutionality of the statute itself. We believe the determinations there made, dicta or otherwise, accurately categorize the authority granted.

Answering specifically appellants' argument that the determination made by the county board required construction of the law and consideration of the evidence, which takes it out of the ministerial category, we call attention to the fact that an act may be held to be ministerial even though the person performing it may have to satisfy himself that a certain state of facts exist under which it is his duty to perform the act.

As is well said in 34 Am. Jur., Mandamus, § 72, p. 862: "Every statute to some extent requires construction by the public officer whose duties may be defined therein. Such officer must read the law and must, therefore, in a certain sense, construe it in order to form a judgment from its language as to what duties he is directed by statute to perform. But that does not necessarily and in all cases make the duty of the officer anything other than a purely ministerial one. If the law

directs him to perform an act in regard to which no discretion is committed to him, and which, upon the facts existing, he is bound to perform, then that act is ministerial, although depending upon a statute which requires, in some degree, a construction of its language by the officer."

In State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341, to determine the propriety of a mandamus action, it was necessary to decide whether the action of the city council was discretionary or administrative. We there said: "It has been authoritatively said that, 'A duty or act is ministerial in the sense here intended when there is no room for the exercise of discretion, official or otherwise, the performance being required by direct and positive command of the law. It is such an act as an official or agent is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed. Where the duty in a particular situation is so plainly prescribed as to be free from doubt, it is regarded as being so far ministerial that its performance may be compelled by mandamus, unless there is provision or implication to the contrary.' 34 Am. Jur., sec. 80, p. 859. 'Where the duty is such as necessarily requires the examination of evidence and the decision of questions of law and fact, such a duty is not ministerial; but an act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act.' 38 C. J., sec. 73, p. 598."

Contrary to appellants' contentions, the duties of the board under section 17-201, R. R. S. 1943, are purely administrative in determining whether certain facts exist which the Legislature has decided entitle the petitioners to have their area incorporated as a village. The board must find compliance with the jurisdictional require-

ments of the act before it is permitted or required to act.

As we said in State ex rel. McIlvain v. City of Falls City, 177 Neb. 677, 131 N. W. 2d 93: " '* * * an act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act.' " The board in no sense exercises discretion. If the necessary facts exist, it must perform the duties outlined in the statute. It is the law which makes the desired change. The board merely facilitates the legislative process in determining that the facts exist which require it to enter the order of incorporation on its records and to carry out the discretion of the law.

Appellants urge that if we determine that a petition in error is not the proper remedy, that the pleadings are broad enough to permit mandamus or other appropriate relief. There are several reasons why appellants' contention is without merit. Suffice it to say that even if the petition in error, which is verified on information and belief, is broad enough to be interpreted as a petition in mandamus, there is no application by motion supported by affidavit to justify the action pursuant to section 25-2160, R. R. S. 1943. See State ex rel. Krieger v. Board of Supervisors, 171 Neb. 117, 105 N. W. 2d 721.

As we said in State ex rel. Chicago & N. W. Ry. Co. v. Harrington, 78 Neb. 395, 110 N. W. 1016: "An action to procure the issuance of a writ of mandamus is not begun until a motion and affidavit, or a petition verified positively, is filed in the district court, * * *."

For the reasons given, the judgment of dismissal entered by the district court was proper and is affirmed.

AFFIRMED.