CHARLES R. SINGLETON ET AL., APPELLEES, v. KIMBALL COUNTY BOARD OF COMMISSIONERS ET AL., APPELLANTS.

279 N. W. 2d 112

Filed May 15, 1979. No. 42173.

Fred J. Hurlbut, for appellants.

Walter H. Radcliffe of Tews & Radcliffe, for appellees.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and WINDRUM, District Judge.

CLINTON, J.

The Kimball County Board of Commissioners (hereinafter board) appeals from the granting to Charles and Betty Singleton of a peremptory writ of mandamus ordering the board to lay out a public road to the Singletons' land and to appraise the damages suffered by the owners of the real estate over which the road is laid. The Singletons brought the mandamus action after the board voted to deny their affidavit requesting that a road be laid out pursuant to section 39-1716, R. R. S. 1943.

The board's 12 assignments of error consolidate into the following: (1) The court erred in finding that mandamus was an available remedy since the board was exercising a quasi-judicial function; (2) the court erred in granting the writ of mandamus as petitioners had an adequate remedy at law; and (3) the court's order is not supported by the evidence. We affirm.

The statutes underlying this case are sections 39-1713 through 39-1719, R. R. S. 1943.

Section 39-1713, R. R. S. 1943, provides in pertinent part: "When any person shall present to the county board an affidavit satisfying it" that the person meets the conditions stated in the affidavit, "the county board shall appoint a time and place for hearing the matter, . . . ." The affidavit must show the affiant is the owner of real estate in the county which is shut out from all public roads, either by real estate belonging to others or by water. In addition, the affidavit must state that the affiant "is unable to purchase from any of . . . [the surrounding landowners] the right-of-way over or through the same to a public road or that it cannot be purchased except at an exorbitant price, . . . ." Finally, the affidavit must ask the county board to lay out a public road in accordance with section 39-1716, R. R. S. 1943.

Section 39-1715, R. R. S. 1943, provides for public notice of the hearing and requires that written notice be served on "all of the owners and occupants of the lands through which such road may pass."

Section 39-1716, R. R. S. 1943, states that the county board *shall* lay out the public road and appraise damages for the taking of property for the road if it finds that the required conditions exist.

Section 39-1719, R. R. S. 1943, is apparently the only appeal provision connected with these proceedings. It provides for appeal by the parties to the award of damages in the same manner as appeals

from appraisers' awards in eminent domain proceedings. There is no provision for appeal by the affiant if his petition for a road is denied.

In April 1977, the Singletons presented the board with an affidavit stating that they owned land which was isolated from all public roads by real estate belonging to other persons and by a waterway. They further stated they were unable to purchase a right-of-way from the adjacent landowners and petitioned the board to lay out a public road to their property. The board set a date for a public hearing.

At the hearing, Mr. Singleton testified his property was isolated from public roads by a lake on one side and by real estate belonging to two other owners on the other side. He stated he had been unable to purchase a right-of-way from either property owner and described occasions when he had attempted to do so.

Both adjoining property owners were present at the hearing. One did not testify at the hearing and later stated during the mandamus proceedings that there were no circumstances under which he would sell a right-of-way to Singleton. The other property owner, Mr. Tomich, testified at the hearing that Singleton had had informal access through his land for several years "for grazing and agriculture." Tomich did not state that he would be willing to sell a right-of-way to Singleton or that he would permit access for anything other than agricultural uses.

In June 1977, the board voted to deny the Singletons' petition because Mr. Singleton had not attempted to purchase a right-of-way from other property owners before filing his affidavit. This mandamus action ensued.

After a full hearing on the merits, which hearing included testimony from each of the county commissioners as to the basis for his vote to deny the Singleton petition, the court concluded the conditions described in the Singleton affidavit had "existed at all times pertinent to this action." The court also

concluded the board's duties under the statutes were ministerial in nature, but that even if its duties were deemed judicial, the denial of the Singleton petition, "on the evidence presented in this case, would be so arbitrary and capricious as to amount to the exercise of no discretion at all." The court then ordered that the peremptory writ of mandamus issue.

The first issue to be determined on this appeal is the nature of the duties imposed on the board by sections 39-1713 through 39-1719, R. R. S. 1943. If the duties are ministerial in nature, mandamus is available to enforce performance. State ex rel. Agricultural Extension Service v. Miller, 182 Neb. 285, 154 N. W. 2d 469. If the duties are quasi-judicial or discretionary, mandamus is generally not available as a remedy. § 25-2156, R. R. S. 1943; State ex rel. Goossen v. Board of Supervisors, 198 Neb. 9, 251 N. W. 2d 655.

The general rule is that an act is ministerial if there is absolute duty to perform in a specified manner upon the existence of certain facts. State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341. Section 39-1716, R. R. S. 1943, does impose such an absolute duty if the conditions specified in section 39-1713, R. R. S. 1943, exist. Thus the duty to lay out a road must be considered ministerial unless the process of ascertaining that the conditions of section 39-1713, R. R. S. 1943, have been met requires the board to act in a quasi-judicial manner: "When the law, in words or by implication, commits to any officer the duty of looking into facts, and acting upon them, not in a way which it specifically directs, but after a discretion in its nature judicial, the function is termed quasi-judicial." State ex rel. School Dist. v. Ellis, 163 Neb. 86, 77 N. W. 2d 809. However, an act may be held to be ministerial even though the person performing it may have to satisfy himself that a certain state of facts exists under which it is his duty to perform the act. Little v. Board of

County Commissioners, 179 Neb. 655, 140 N. W. 2d 1.

Sections 39-1713 and 39-1716, R. R. S. 1943, require only one factual determination of any complexity, i.e., the county board must determine that the affiant is unable to purchase a right-of-way to a public road or can purchase one only for an exorbitant price. Previously, this court has held duties requiring the ascertainment of residency to be ministerial. State ex rel. Rittenhouse v. Newman, 189 Neb. 657, 204 N. W. 2d 372; Little v. Board of County Commissioners, *supra*. Ascertaining ability to purchase a right-of-way is no more complex than ascertaining residency and cannot operate to transform the duties imposed by these statutes into quasi-judicial ones.

The fact that the board is required to hold a hearing also does not transform the proceedings into quasi-judicial ones. Ruwe v. School District, 120 Neb. 668, 234 N. W. 789, which is cited for this proposition, involved a far different statute which permitted school boards to make discretionary changes in school district boundaries under certain conditions. The issue in that case was whether a hearing was required, and we held it was since financial burdens were being imposed on property owners by the exercise of judicial power. We have not held that a proceeding is quasi-judicial whenever a hearing is required by statute and decline to do so now.

The board correctly urges that laying out the road and appraising damages are quasi-judicial acts. However, it does not necessarily follow that these acts are not severable from the initial duty to accept or deny the petition for a road, particularly where the statute itself treats these acts as severable in its appeal provisions. § 39-1719, R. R. S. 1943.

We hold that the duty of the board of county commissioners under section 39-1716, R. R. S. 1943, to lay out a public road upon a showing that the statutory conditions of section 39-1713, R. R. S. 1943, exist is ministerial.

In addition, to warrant the issuance of a writ of mandamus to compel official action: (1) The duty must be imposed upon the official by law, (2) the duty must still exist at the time the writ is applied for, and (3) the duty must be clear. State ex rel. Goetz v. Lundak, 199 Neb. 585, 260 N. W. 2d 589. These conditions have been met.

Finally, mandamus is available only where there is no adequate remedy at law. § 25-2157, R. R. S. 1943. We have already noted that the statutes do not provide for direct appeal from the decision to deny an affidavit. As the duty is ministerial, petition in error proceedings are also not available. Little v. Board of County Commissioners, *supra*. Clearly, there is no other remedy at law, and the board's assignment of error on this point is without merit. Mandamus is available in this case.

All of the other assignments of error relate to the sufficiency of the evidence to support the judgment of the trial court. In a mandamus action, findings of fact by the trial court upon conflicting evidence will not be disturbed on appeal unless clearly wrong. State ex rel. Frasier v. Whaley, 194 Neb. 703, 234 N. W. 2d 909. We have examined the record and cannot conclude that the findings of the trial court are clearly wrong in any respect.

AFFIRMED.